UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DAVIS, SR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. CLOAK, S. REED, R. VINCENT, W. WHITLEY, PATRICK EATON, VALESCO, WHITE and E. CLOAK,<br><br>　　　　Defendants. | Case No.  1:22-cv-01632-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 8) |

　　　　Pending before the Court is Plaintiff's motion to appoint counsel.  (Doc. No. 8).  Plaintiff, a prisoner, is proceeding pro se on his civil rights complaint filed December 22, 2022.  (Doc. No. 1).  The Court granted Plaintiff's application to proceed in this action *in forma pauperis* on January 4, 2023.  (Doc. No. 4).   Plaintiff requests appointment of counsel because Sierra Conservation Camp does not have a law library and he does not have access to legal books or rules.  (Doc. No. 8 at 1-2).  Plaintiff also suspects he is being retaliated against for filing the instant action because he was transferred shortly after receiving notice that the instant action was filed and was threatened with a rules violation for having a "vap pen." (*Id.* at 1).

　　　　The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has

discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances.*" Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel." *Baker v. Macomber*, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020). And while "[p]risoners have a right to meaningful access to the courts, but there is no absolute right to use a prison law library." *Springfield v. Khalit*, 2018 WL 5980155, at *3 (E.D. Cal. Nov. 14, 2018) (*citing Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Furthermore, while Plaintiff implies there are no legal resources at Sierra Conservation Camp, the Court finds the statement suspect. California Code of Regulations requires each warden to ensure a law library and for all inmates to have access. *See* Cal. Code Regs. tit. 15 §§ 3120, 3123 (2022). Thus, even if there is not a physical library, the institution can order legal resources Plaintiff requires from other institutions.

Further, the procedural posture of this action is still in its infancy, Plaintiff has capably filed motions and a complaint. Plaintiff complains that his legal mail is being opened outside of his presence by mailroom staff and his mail to the bar is being rejected as legal mail. (Doc. No. 1 at 4-5). The Court does not find this case "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). And

while Plaintiff states he was transferred for filing the action, he acknowledges he was transferred back to Sierra Conservation Corp six days later.

Accordingly, it is **ORDERED**:

Plaintiff's motion for appointment of counsel (Doc. No. 8) is DENIED.

Dated: January 25, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE