1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EARL DAVIS SR.,                         Case No.  1:22-cv-01632-HBK (PC)

12              Plaintiff,                    ORDER DENYING PLAINTIFF'S
                                             CONSTRUED MOTION FOR
13        v.                                 RECONSIDERATION

14   CLOAK, ET AL.,                           (Doc. No. 13)

15              Defendants.

16

17        On February 13, 2023, Plaintiff filed a pleading titled "Supplemental Petition" (Doc. No.

18   13) stating his opposition to the Court's January 26, 2023 Order Denying Appointment of

19   Counsel.  (Doc. No. 9).   Plaintiff asks the Court to reconsider its January 26, 2023 Order

20   denying Plaintiff appointment of counsel because, *inter alia*, he is indigent, he has difficulty

21   accessing legal materials, and his on-call work as a wildland firefighter leaves him little time to

22   litigate his case.  (Doc. No. 13 at 1).

23        The Court construes the motion as filed under Rule 60(b).  Rule 60(b) provides relief from

24   a final judgment, order, or proceeding for the following reasons:

25              (1) mistake, inadvertence, surprise, or excusable neglect;

26              (2) newly discovered evidence that, with reasonable diligence, could not
                have been discovered in time to move for a new trial under Rule 59(b);

27

28              (3) fraud (whether previously called intrinsic or extrinsic)
                misrepresentation, or  misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior order. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's motion for reconsideration does not present any newly discovered evidence, demonstrate clear error, or set forth any change in the controlling law. Rather, Plaintiff argues that an attorney should be appointed to represent him because he is indigent, he has difficulty accessing legal resources, and his demanding work schedule as a wildland firefighter leaves him little time to litigate his case. (Doc. No. 13 at 1-2). These are virtually the same arguments Plaintiff presented in his original motion to appoint counsel. (Doc. No. 8 at 2). As the undersigned noted in its prior Order denying Appoint of Counsel, these facts do not establish "exceptional circumstances" necessary to warrant appointment of counsel. (Doc. No. 9 at 2). Plaintiff has not established a sufficient reason under Rule 60 to warrant reconsideration of the January 26, 2023 Order.

////

2

Accordingly, it is **ORDERED**:

Plaintiff's construed motion for reconsideration under Rule 60 (Doc. No. 13) is DENIED.

Dated:   May 10, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE