UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DAVIS SR., <br><br> Plaintiff, <br><br> v. <br><br> E. CLOAK, R. CLOAK, S. REED, R. VINCENT, W. WHITLEY, PATRICKEATON, VALESCO, and WHITE, <br><br> Defendants. | Case No. 1:22-cv-01632-HBK (PC) <br><br> ORDER TO ASSIGN A DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION <br><br> (Doc. Nos. 15, 16) <br><br> FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Earl Davis Sr. initiated this action as a state prisoner proceeding *pro se* by filing a civil rights complaint under 42 U.S.C. § 1983 on December 22, 2022. (Doc. No. 1, "Complaint"). On February 15, 2023, the undersigned screened Plaintiff's Complaint and found it failed to state a claim and afforded Plaintiff an opportunity to file an amended complaint. (Doc. No. 11). Plaintiff filed a First Amended Complaint on March 6, 2023. (Doc. No. 14, "FAC"). Shortly thereafter, Plaintiff filed the instant Motions for a Temporary Restraining Order and a Preliminary Injunction. (Doc. Nos. 15, 16). For the reasons discussed below, the undersigned recommends that the district court deny Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction.

////

# I. BACKGROUND AND ALLEGED FACTS

## 1. Allegations in FAC

Plaintiff proceeds on his First Amended Complaint filed on March 6, 2023, which identifies 15 defendants, including prison officials at Mountain Home #10 Conservation Center, Sierra Conservation Center ("SCC"), Growlersburg #33 Conservation Center, CDCR Internal Affairs in Sacramento, and CDCR Office of Appeals in Sacramento. (Doc. No. 14 at 2-4, "FAC"). The FAC remains subject to screening under 28 U.S.C. § 1915A. The gravamen of the FAC is that prison officials at SCC improperly read Plaintiff's legal mail and various supervisors failed to prevent it. (*Id*. at 3, 5-9). After Plaintiff filed a grievance and this civil rights action, various officials at different CDCR facilities retaliated against him by denying him access to his regular incoming mail, charging him excessive postage to send outgoing mail, transferring him to another facility, wrongly charging him with various rule violation reports (RVRs), and arbitrarily denying his grievances and appeals. (*See generally id*.). At the time Plaintiff filed the instant Motions, he was still incarcerated at SCC but has subsequently been transferred to Folsom State Prison. (*See* Doc. Nos. 20, 21).

## 2. Motions for Temporary Restraining Order and Preliminary Injunction

Plaintiff filed his instant Motion for a Temporary Restraining Order ("Motion for TRO") on March 13, 2023 and Motion for a Preliminary Injunction ("Motion for PI") on March 15, 2023, respectively. (Doc. Nos. 15, 16). Plaintiff's Motion for TRO is directed at Defendants E. Cloak, S. Reed, and R. Vincent, all mailroom employees at SCC. (Doc. No. 15 at 1). In it, Plaintiff repeats many of the allegations contained in his FAC concerning the alleged interference by Defendants with his incoming and outgoing mail, including attempts to charge him with excessive postage. (*Id*. at 1-4). Plaintiff also asserts seemingly unrelated claims regarding the confiscation of his Bluetooth earbuds by an unspecified correctional officer that occurred at Growlersburg Conservation Center. (*Id*. at 4). Plaintiff attaches to his Motion various exhibits to support the First Amendment violations he alleges to have suffered, including notices from the mail room requiring additional postage for his outgoing mail (*id*. at 6-9), notifications of disapproval of incoming mail/packages (*id*. at 10-14), an excerpt of purported legal

correspondence that mail staff improperly opened (*id*. at 15), and documents pertaining to two grievances (*Id*. at 16-18). Finally, he attaches a Proof of Service showing that the Motion for TRO was mailed to this Court.

Plaintiff's Motion for a PI seeks an injunction regarding two sets of constitutional violations. The first is against the mailroom staff at SCC, repeating many of the allegations articulated in the Motion for TRO and the FAC. (Doc. No. 16 at 1-2). The second asks the Court to bar Associate Wardens S. Smith and H. Mosley from overseeing any of his RVRs or grievances on the basis they are biased against him as evidenced by the fact they have ruled against him in every grievance and RVR. (*Id*. at 3). Plaintiff also attaches to the Motion for PI a notification, apparently from a prison mailroom, stating that he needs to provide further information, including his full name, CDCR number, and signature in the legal logbook in order to send out legal mail. (*Id*. at 5).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b) (E.D. Cal. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a

hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order is "an extraordinary remedy" and may be issued only if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if Plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131. The Ninth Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary injunction if it demonstrates: (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Zepeda v. U.S. Immigr. & Naturalization Serv*, 753 F.2d 719, 727 (9th Cir. 1985); *see also McKinney v. Hill*, 925 F.2d at 1470 (9th Cir. 1991) (noting same). However, as applicable here, a federal court does not have personal jurisdiction over the parties and subject matter jurisdiction over the claim if no defendant has been served in the action. *Zepeda*, 753 F.2d at 727 (9th Cir. 1985) (if no defendant has been served with process then injunctive relief is premature).

Further, the injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means

4

necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).

### III. DISCUSSION

Having reviewed Plaintiff's two Motions, the undersigned does not find Plaintiff has satisfied his burden, in either Motion, to warrant issuance of this extraordinary remedy. As a threshold matter, Plaintiff has not complied with Local Rule 231(d). There is no showing of actual or attempted notice; and, other than requesting the relief, Plaintiff fails to provide any briefing, other than conclusory statements, on the implicated legal issues. Nor does Plaintiff provide any affidavits attesting to imminent irreparable harm, aside from conclusory allegations. Thus, facially, the Motions are facially deficient.

Further, "[a] request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 864 (9th Cir. 2017) (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Neal v. City of Seattle*, 66 F.3d 1064, 1066 (9th Cir. 1995) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). "Thus, a claim for injunctive relief becomes moot once subsequent events have made clear the conduct alleged as the basis for the requested relief 'could not reasonably be expected to recur.'" *Bayer*, 861 F.3d at 864 (quoting *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998)). Absent class certification, a prisoner's claims for injunctive relief become moot following his

release from custody. *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012).

Because Plaintiff is no longer incarcerated at SCC, nor has he demonstrated a "reasonable expectation of returning to [the prison]" *Valasquez v. Diaz*, 2021 WL 3911309, at *3 (E.D. Cal. Sept. 1, 2021) (quoting *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam)), injunctive relief is no longer warranted. Given that Plaintiff is now incarcerated in Folsom State Prison, the Court finds the actions complained of by Davis that occurred at SCC and for which Plaintiff seeks injunctive relief are not reasonably expected to recur in the future. *Cuellar v. Madera Cnty. Dep't of Corr.*, 2021 WL 3077370, at *2 (E.D. Cal. July 21, 2021)

Finally, the Court does not have personal jurisdiction or subject matter jurisdiction over Defendants because none of the Defendants have received service of process as Plaintiff's FAC, which remains subject to screening under § 1915A. *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

In summary, the undersigned finds this case does not involve extraordinary circumstances warranting the issuance of a temporary restraining order or preliminary injunction and recommends for all the reasons set forth above that the district court deny Plaintiff's Motions.

ACCORDINGLY, it is **ORDERED**:

1. The Clerk of Court shall assign this case to a district judge for consideration of these Findings and Recommendations.

Further, it is **RECOMMENDED**:

1. Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 15) be DENIED.
2. Plaintiff's Motion for a Preliminary Injunction (Doc. No. 16) be DENIED.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case under the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     May 15, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE