UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DAVIS SR.,<br><br>                 Plaintiff,<br><br>        v.<br><br>PATRICK EATON, et al.,<br><br>                 Defendants. | Case No.  1:22-cv-01632-JLT-HBK (PC)<br><br>ORDER TO SHOW CAUSE<br><br>AUGUST 7, 2023, DEADLINE |

   Plaintiff Earl Davis Sr., a state prisoner, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on December 22, 2022.  (Doc. No. 1).  On March 6, 2023, the undersigned screened Plaintiff's Complaint and found it failed to state a claim.  (Doc. No. 11). Plaintiff timely filed a first amended complaint ("FAC").  (Doc. No. 14).  On June 6, 2023, the undersigned screened the FAC and found it stated cognizable First Amendment retaliation and interference with mail claims against Defendants E. Cloak, S. Reed, and R. Vincent, but failed to state any other cognizable claims.  (Doc. No. 26 at 1).

   Plaintiff was given three options to exercise within twenty-one (21) days from receipt of the June 6, 2023 Order: (1) file a Second Amended Complaint ("SAC"); (2) file a notice that he intends to stand on the SAC as screened and proceed only on those claims the Court deems cognizable in the June 6, 2023 Screening Order; or (3) file a Notice stating he intends to stand on his SAC subject to the undersigned recommending the district court dismiss certain claims and

Defendants for the reasons stated in the June 6, 2023 Order.  (*Id*. at 17-18).  The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order or seek an extension of time to comply" the undersigned "will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and prosecute this action." (*Id*. at 19).  The twenty-one (21) day deadline has lapsed and Plaintiff has not elected any of the three options or otherwise moved for an extension of time.  (*See generally* docket).

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

Accordingly, it is hereby **ORDERED**:

**No later than August 7, 2023**, Plaintiff shall comply with the Court's previous June 6, 2023 Order, or show cause why the Court should not recommend that this case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or his failure to timely comply with the Court's June 6, 2023 Order.

Dated:   July 19, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE