UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DAVIS SR., <br><br> Plaintiff, <br><br> v. <br><br> E. CLOAK, S. REED, and R. VINCENT, <br><br> Defendants. | Case No.  1:22-cv-01632-JLT-HBK (PC) <br><br> ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) OF CERTAIN DEFENDANTS AND CLAIMS <br><br> ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANTS <br><br> (Doc. No.  30) |

Plaintiff Earl Davis Sr., a prisoner, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983.  On June 6, 2023, this Court issued a screening order on Plaintiff's First Amended Complaint.  As discussed at length in this Court's June 6, 2023 Screening Order, the Complaint states cognizable First Amendment interference with mail and retaliation claims against Defendants E. Cloak, S. Reed, and R. Vincent, but no other claims.  (*See* Doc. No. 26).  The Screening Order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a notice under Rule 41 that he is willing to proceed only on the claims the court found cognizable in its screening order; or (3) stand on his Complaint subject to the undersigned issuing Findings and Recommendations to dismiss the defendants and claims not cognizable.  (*Id*. at 17-18).  On July 24, 2023, Plaintiff filed a pleading, dated July 18, 2023,

signed to under penalty of perjury stating that he desires "to stand on current FAC as screened herein and proceeded [sic] only on his first amendment interference with mail and retaliation claims against defendants Cloak, Reed, and Vincent, therby [sic] dissmissing [sic] voluntarily . . . defendants Whitley, Eaton, Khan, Flores, Smith, Berry, Markel, Hill, Nieves, Rojas, and Mosley and any other claim the court deemed not cognizable." (Doc. No. 30 at 1).

Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior to an answer or motion for summary judgment to dismiss fewer than all named defendants or claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). In accordance with Plaintiff's notice, defendants Whitley, Eaton, Khan, Flores, Smith, Berry, Markel, Hill, Nieves, R. Cloak, Valesco, White,[1] Rojas, and Mosley are dismissed without prejudice by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). The FAC will proceed on Plaintiff's First Amendment claim interference with mail and retaliation claims against Defendants E. Cloak. S. Reed, and R. Vincent. (*See* Doc. No. 14). The Court will direct service of process on Defendant E. Cloak. S. Reed, and R. Vincent by separate order.

Accordingly, it is **ORDERED**:

The Clerk of Court shall correct the docket to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of Defendants Whitley, Eaton, Khan, Flores, Smith, Berry, Markel, Hill, Nieves, R. Cloak, Valesco, White, Rojas, and Mosley.

Dated:  July 25, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Although not mentioned in Plaintiff's Notice, Defendants R. Cloak, Valesco, and White, listed in Plaintiff's Initial Complaint and omitted from the FAC, are likewise dismissed without prejudice.