1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11  EARL DAVIS SR.,                           Case No.  1:22-cv-01632-JLT-HBK (PC)

12                 Plaintiff,                 ORDER DISCHARGING ORDER TO SHOW
                                              CAUSE
13           v.
                                              (Doc. No. 28)
14  E. CLOAK, S. REED, and R. VINCENT,
                                              ORDER GRANTING MOTION FOR
15                 Defendants.                EXTENSION OF TIME

16                                            (Doc. No. 29)

17          Plaintiff Earl Davis Sr. ("Plaintiff") is a state prisoner proceeding pro se and *in forma*

18  *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds on his first

19  amended complaint ("FAC") alleging various constitutional claims.  (*See* Doc. No. 14).  On July

20  19, 2023, the Court issued an Order to Show Cause ("OSC") why it should not recommend the

21  district court dismiss this case for Plaintiff's failure to timely respond to the Court's June 6, 2023

22  Screening Order.  (Doc. No. 28).  In response, Plaintiff filed a Motion for Extension of Time

23  (Doc. No. 29, "Motion") and a Notice to Proceed on the claims found cognizable in the Court's

24  June 6, 2023 screening order (Doc. No. 30, "Notice").  The Court will discharge the OSC and

25  grant Plaintiff's Motion.

26                                   **BACKGROUND**

27          On June 6, 2023, this Court issued a screening order of Plaintiff's FAC finding it stated

28  cognizable First Amendment interference with mail and retaliation claims against Defendants E.

1

1   Cloak, S. Reed, and R. Vincent but no other cognizable claims. (*See* Doc. No. 26). The

2   screening order required Plaintiff to either (1) file an amended complaint consistent with the

3   screening order; (2) file a notice with the Court that he is willing to proceed only on the claims

4   the court found cognizable in its screening order; or (3) stand on the FAC subject to the

5   undersigned recommending the district court dismiss certain claims and defendants. (*Id*. at 17-

6   18). On July 19, 2023, after the deadline to respond had passed, the Court issued an OSC

7   directing Plaintiff to show cause, no later than August 7, 2023, why the undersigned should not

8   recommend the district court dismiss Plaintiff's case for failure to prosecute and comply with a

9   court order. (*See* Doc. No. 28). On July 24, 2023, Plaintiff filed a Notice that he wishes to

10   proceed with the claims found cognizable in the screening order and voluntarily dismiss the

11   remaining claims and Defendants. (Doc. No. 30). The same day, Plaintiff filed a Motion, which

12   effectively asks the Court to accept his untimely response to the June 6, 2023 screening order.

13   (Doc. No. 29). Although Plaintiff's two filings were signed on July 18, 2023, prior to the

14   issuance of the OSC, the undersigned construes them as timely responses to the OSC.

15         Considering Plaintiff's Notice, construed as a timely response to the OSC, the

16   undersigned will discharge the OSC and respond by separate order to the Notice. Further, the

17   Court grants Plaintiff's Motion to the extent it accepts Plaintiff's untimely response to the June 6,

18   2023 screening order.

19         Accordingly, it is ORDERED:

20      1. The July 19, 2023 Order to Show Cause, (Doc. No. 28) is DISCHARGED; and

21      2. Plaintiff's Motion for Extension of Time (Doc. No. 29) is GRANTED as set forth above.

22

23   Dated:   July 25, 2023

24   HELENA M. BARCH-KUCHTA
     UNITED STATES MAGISTRATE JUDGE

25

26

27

28

2