UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DAVIS SR., <br><br> Plaintiff, <br><br> v. <br><br> E. CLOAK, S. REED, and R. VINCENT, <br><br> Defendants. | Case No. 1:22-cv-01632-JLT-HBK (PC) <br><br> ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS[1] <br><br> (Doc. No. 15) <br><br> ORDER REFERRING CASE TO EARLY ADR AND STAYING CASE <br><br> OPT OUT DATE: FEBRUARY 12, 2024 |

Pending before the Court is Defendants Cloak, Reed, and Vincent's Motion to Dismiss, filed on October 30, 2023. (Doc. No. 52, "Motion"). Defendants seek dismissal of Plaintiff's purported official capacity claims against Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See generally Id.*). Plaintiff did not file any opposition. For the reasons set forth below, the undersigned denies Defendants' Motion to Dismiss as moot.

Plaintiff Earl Davis Sr. initiated this action as a state prisoner and is proceeding on his

---

[1] This motion was referred by the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). Denial of a motion to dismiss without prejudice is not a dispositive motion requiring submission of a findings and recommendation to the district judge. *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1121 (C.D. Cal. 2009).

1   First Amended Complaint ("FAC") alleging First Amendment claims for retaliation and
2   interference with mail against Defendants E. Cloak. S. Reed, and R. Vincent. (Doc. No. 26).
3         The FAC alleged both individual capacity and official capacity claims against all
4   Defendants.  (*See* Doc. No. 14 at 2-4).  In its June 6, 2023 Screening Order, the Court found
5   Plaintiff stated cognizable claims against Defendants Cloak, Reed, and Vincent, but did not
6   specifically find any cognizable official capacity claims against any Defendant.  If it had found
7   such claims cognizable, the Court would have explicitly so stated.  It is well settled that claims
8   seeking monetary damages against the State of California or its agencies, or any state employee in
9   their official capacity, are barred by the Eleventh Amendment.  U.S.Const., Amend. XI; *Alabama*
10  *v. Pugh*, 438 U.S. 781, 782 (1978); *Penhurst State School & Hospital v. Halderman*, 465 U.S. 89,
11  100 (1984); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  The Eleventh Amendment does not,
12  however, bar suits against state officials in their individual capacities, or for declaratory or
13  injunctive relief in their official capacities.  *Monell v. New York Dep't of Social Services*, 436
14  U.S. 685, 690 n. 54 (1978).  Because Plaintiff's notice of change of address reflects that he has
15  been released from custody, (*see* Doc. No. 54), any claims for injunctive relief are moot.  And
16  because the Court did not find any cognizable official capacity claims against Defendants their
17  Motion to Dismiss Plaintiff's official capacity claims is moot.
18        Considering this Order denying Defendants' Motion, instead of directing a response to
19  operative complaint, the Court will refer this case to early Alternative Dispute Resolution (ADR)
20  so the parties may to try resolve this case. *See also* Local Rule 270.  In appropriate cases, defense
21  counsel from the California Attorney General's Office have agreed to participate in early ADR.
22  No claims, defenses, or objections are waived by the parties' participation.
23        Attempting to resolve this matter early through settlement now would save the parties the
24  time and expense of engaging in lengthy and costly discovery and preparing substantive
25  dispositive motions.  The Court therefore will STAY this action to allow the parties an
26  opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement
27  discussions, or agree to participate in an early settlement conference conducted by a magistrate
28  judge.  If after further investigation of Plaintiff's claims and meeting and conferring, any party

finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1. The Court **DENIES** Defendants' Motion to Dismiss (Doc. No. 52) as Moot.
2. This action will remain **STAYED until further order** to allow the parties an opportunity to settle their dispute.  Defendants, may, but are not required to file an answer during the stay period.  The parties shall not engage in formal discovery until the Court issues a Scheduling and Discovery Order.
3. **No later than February 12, 2024**, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable.
4. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.
5. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

Dated:   December 8, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE