UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DAVIS, SR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. REED, R. VINCENT, and E. CLOAK,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01632-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 59) |

　　　　Pending before the Court is Plaintiff's second Motion for Appointment of Counsel filed on January 11, 2024.  (Doc. No. 59).  For the reasons set forth below, the Court again finds no exceptional circumstances to warrant appointment of counsel in this civil action.

　　　　The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances."  *Id.* at 1181.  The court may consider many factors to determine if

exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* considering the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

The Court previously denied Plaintiff appointment of counsel on January 26, 2023 Order. (Doc. No. 9). Upon review of the Motion and docket, the Court finds Plaintiff has not raised any new circumstances to meet his "burden of demonstrating exceptional circumstances." *Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). The Court is sensitive to the fact that Plaintiff is proceeding *pro se* and is incarcerated; however, he faces the same obstacles all *pro se* prisoners face. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants."). Moreover, nothing in the record suggests Plaintiff will be unable to competently litigate this case. Plaintiff has capably filed numerous motions in this case and successfully alleged claims that survived past the screening stage. Nor does the Court find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993). The case procedurally remains at the early stages of litigation and is set for a settlement conference. (Doc. No. 58). Further, Plaintiff initiated this action while incarcerated but has since been released and can seek pro bono counsel on his own.[1]

Accordingly, it is hereby **ORDERED**:

Plaintiff's Motion for Appointment of Counsel (Doc. No. 59) is DENIED.

Dated: January 16, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] https://www.justia.com/lawyers/california/legal-aid-and-pro-bono-services.

2