UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DAVIS, SR., <br><br> Plaintiff, <br><br> v. <br><br> S. REED et al., <br><br> Defendants. | No. 1:22cv-01632-JLT--HBK (PC) <br><br> ORDER SETTING SETTLEMENT CONFERENCE <br><br> Hearing: **Settlement Conference** <br> Date: **April 2, 2024** <br> Time: **1:30 p.m.** <br> Judge: **Stanley A. Boone** <br> Location: via Zoom Videoconference |

Plaintiff, a former prisoner, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 as screened. (Doc. No. 26).

Because it takes years to get to trial, the Court has identified this case as an appropriate case for post-screening ADR (Alternative Dispute Resolution), which is an effort to resolve such cases more expeditiously and less expensively. No claims, defenses, or objections shall be waived by the parties' participation.

As set forth in the Court's screening order, the complaint states cognizable First Amendment claims for retaliation and interference with mail against Defendants E. Cloak, S. Reed, and R. Vincent in their individual capacities. However, stating cognizable claims does not mean Plaintiff will prevail at trial.

Therefore, this case will be referred to Magistrate Judge Stanley A. Boone to conduct a **video settlement conference, via the Zoom videoconferencing application**, on **April 2, 2024, at 1:30 p.m.** The Court will issue any necessary transportation order in due course.

Both parties shall contact Courtroom Deputy Jan Nguyen at (559) 499-5672 or jnguyen@caed.uscourts.gov for the video and dial-in information, including any necessary passcodes, for all parties. Plaintiff is advised to participate via Zoom, he will need a device with a microphone and camera, with internet access on the same device. Adequate lighting and sound are required for the Court to be able to see and hear you. Plaintiff is encouraged to test Zoom before the hearing and should download the app at least one day before the settlement conference if using a phone or tablet.

The parties shall each submit to Judge Boone a confidential settlement conference statement, as described below, to arrive at least seven days (one week) prior to the conference.

The Court puts the parties on notice that if Plaintiff has any outstanding criminal restitution obligation, fines and/or penalties, these settlement negotiations shall not be geared towards what the restitution obligation is, but what the value of the case itself is to each side, irrespective of any outstanding restitution obligation.

Defendants shall be prepared to negotiate the merits of the case and offer more than a waiver of costs as a reasonable compromise to settle the case. <u>The parties are also informed that an offer of dismissal in exchange for a waiver of costs is not considered good faith settlement negotiations</u>.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a **video** settlement conference, **via the Zoom videoconferencing application**, before Magistrate Judge Stanley A. Boone on **April 2, 2024 at 1:30 p.m.**
2. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend **via the Zoom videoconferencing application**.
3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition

of sanctions.

4. The parties shall provide a confidential settlement statement to the following email address: **saborders@caed.uscourts.gov**.  Alternatively, Plaintiff may mail his confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California 93721, **"Attention: Magistrate Judge Stanley A. Boone."**  The envelope shall be marked "Confidential Settlement Statement."  Settlement statements shall arrive no later than **March 26, 2024**.  Parties shall also file a <u>Notice of Submission of Confidential Settlement Statement</u> (See Local Rule 270(d)).  Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**.  Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

5. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

    f. <u>If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.</u>

3

6. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

7. The parties remain obligated to keep the Court informed of their current address at all times during the stay and while the action is pending.  Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address."  See Local Rule 182(f).

8. **A failure to follow these procedures may result in the imposition of sanctions by the court.**

Dated:    February 16, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4