# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL DAVIS, SR., | Case No. 1:22-cv-01632-JLT-HBK (PC) |
| Plaintiff, | ORDER FINDING PLAINTIFF WILLFULLY FAILED TO APPEAR AT SETTLEMENT CONFERENCE |
| v. | |
| R. VINCENT, et al., | |
| Defendants. | |

Earl Davis, Sr. ("Plaintiff"), a former state prisoner, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. A settlement conference in this matter was set before the undersigned on April 2, 2024. On March 15, 2024, Plaintiff completed a confidential settlement statement which was filed under seal on March 19, 2024. (ECF No. 66.) Defendants submitted a confidential settlement statement on March 26, 2024. (ECF No. 67.)

At approximately 9:30 a.m., on the morning of the settlement conference, Plaintiff reached out by phone to the courtroom deputy seeking the video link to appear at the settlement conference. The courtroom deputy provided the link by email, and Plaintiff confirmed that the link was received at approximately 9:58 a.m. Additionally, defense counsel stated that the video link had previously been provided to Plaintiff. On the morning of the settlement conference, defense counsel re-sent the link at 9:30 a.m. Upon realizing that Plaintiff had provided a new

email address in a change of address form on March 11, 2024, defense counsel also sent the video link to Plaintiff's new email address.  At noon, prior to the settlement conference, defense counsel attempted to contact Plaintiff at the two phone numbers in the record.  There was no answer at either phone number, and the message for each number stated that voicemails could not be received.

      Counsel Lila Garlinghouse and Joanna Hood appeared for Defendants at the scheduled time.  Plaintiff did not appear, so shortly after 1:30 p.m., the courtroom deputy contacted Plaintiff at the phone number he had called from that morning.  Plaintiff stated that he was trying to access the video link.  At 1:42 p.m. Plaintiff had still not appeared, and the courtroom deputy contracted him again. Plaintiff answered and, for the first time, stated that he was in the hospital awaiting surgery and would not be able to attend the settlement conference.

      Although Plaintiff asserted at 1:42 p.m. that he was in the hospital and scheduled for surgery and therefore could not attend the scheduling conference, the Court notes that he did not indicate in his confidential settlement statement, filed March 19, 2024, that there was a conflict with the scheduled date.  Further, the courtroom deputy spoke with Plaintiff one time in the morning on the date of the conference and one time in the afternoon when Plaintiff did not appear.  Additionally, Plaintiff responded stating he had received the emailed video link on the morning of the settlement conference.  During none of the previous communications with the Court on the day of the settlement conference did Plaintiff inform the Court of the alleged hospital visit and surgery.  The first mention of such was over twenty minutes after Plaintiff had failed to appear for the date and time scheduled.

      Based on the foregoing, the Court finds that Plaintiff willfully failed to appear for the settlement conference set for April 2, 2024, at 1:30 p.m., and this willful failure to appear demonstrates that Plaintiff no longer wishes to prosecute this action.

      This Court spends considerable time preparing for settlement conferences in order to make it meaningful to the parties and results in a greater likelihood of settlement success. Settlement is extremely important in this district where the judges have one of the highest caseloads per judge in the United States.  The time set aside to conduct the settlement conference

is at the expense of other litigants who wish to appear before the undersigned. The Court declined to set other matters during the settlement conference so that the Court's full attention could be directed to settling this matter. This Court conducts a large number of settlement conferences, as well as hearing criminal and civil duty matters, including conducting court and jury trial. The Court's available time is limited. However, as the Court desires to see that parties get their claims/defenses adjudicated as quickly as possible, the Court makes every effort to find time to fit settlement conferences onto the calendar as timely as possible.

Here, the Court set aside the afternoon to conduct a settlement conference in this matter. Due to the settlement conference being set before the undersigned, other litigants were denied the opportunity to have matters heard on this date. Plaintiff willfully failed to appear, has not acted in good faith and the Court and defense counsel needlessly spent time dedicated to preparing for and appearing at the settlement conference.

Accordingly, for the reasons set forth, the Court finds that Plaintiff willfully failed to appear for the April 2, 2024, settlement conference and as such has demonstrated that he no longer wishes to persecute this action. The Court will defer to the assigned judges and/or the Defendants as how to proceed next.

IT IS SO ORDERED.

Dated:  **April 2, 2024**

UNITED STATES MAGISTRATE JUDGE